**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURDASHAN SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 19-70861

Agency No. A205-072-017

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2020[**]
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

Petitioner Gurdashan Singh[1] seeks review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his claims for asylum, relief under the Convention against Torture ("CAT"), and humanitarian asylum. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, and we must uphold factual findings if they are supported by substantial evidence. Parada v. Sessions, 902 F.3d 901, 908 (9th Cir. 2018). We grant the petition in part, deny the petition in part, and remand.

1. We cannot determine if substantial evidence supports the BIA's conclusion that the government rebutted the presumption of a well-founded fear of future persecution by showing that Petitioner could relocate safely "outside of Punjab," so we remand the asylum claim for further consideration. When the government identifies a "generally defined area" for relocation, the government typically must make "a more comprehensive showing of proof that the entirety of the area is safe for relocation, as compared to, for example, a specific city." Singh v. Whitaker, 914 F.3d 654, 660 (9th Cir. 2019). Here, the government's reports of country conditions were outdated by at least four and a half years, and by as many as six and a half years, at the time of Petitioner's merits hearing. Thus, those

---

[1] The record also contains an alternative spelling for Petitioner's first name, "Gurdarshan." For consistency, we use the spelling that appears in the official case caption.

2

reports could not defeat the presumption of future persecution.  See Parada, 902 F.3d at 912–13 (holding that "reliance on significantly or materially outdated country reports cannot suffice to rebut the presumption of future persecution," and granting the petition where the reports "were already a half-decade out-of-date by the time of the IJ hearing").

The BIA also relied on its belief that Petitioner "resided in Delhi, without incident," for about a month before he fled to the United States.  But Petitioner testified that he spent the time in Delhi staying by himself in a house that his "agent" rented; his testimony also suggested that he did not come and go freely from the house.  There is no evidence in the record that Petitioner lived openly in Delhi or disclosed his identity to anyone while he was there.  Moreover, the expert's testimony that communities of Sikhs exist throughout India has little relevance to Petitioner's circumstances.  See Singh, 914 F.3d at 661 (explaining that the BIA "must conduct a reasoned analysis with respect to a petitioner's individualized situation" to determine whether the petitioner can safely and reasonably relocate).  Petitioner's claim for asylum is based on the persecution that he suffered because of his membership in the Mann Party, not on his status as a Sikh.

3

In essence, that leaves the remainder of the expert's testimony and the fact that Petitioner flew out of Delhi's airport using his own passport. We cannot determine if the agency would have drawn the same conclusion as to the presumption of future persecution using that more limited pool of evidence, so we remand for further consideration of Petitioner's asylum claim.

2. Substantial evidence supports the BIA's denial of Petitioner's CAT claim. The record does not compel the conclusion that Petitioner "more likely than not would be the subject of torture should he return to India." Id. at 663; see also id. ("Although the BIA's denial of Singh's CAT claim relied in part on its determination that he could relocate, and we remand to the BIA for reconsideration of the latter determination in connection with his asylum . . . claim[], we see no reason to do the same for his CAT claim.").

3. Substantial evidence supports the BIA's denial of humanitarian asylum. The harm that Petitioner suffered does not rise to the level of "atrocious" or "extremely severe persecution" that warrants humanitarian asylum. See id. at 662 (collecting cases). And the record does not compel a finding that Petitioner established "a reasonable possibility that he . . . may suffer other serious harm" upon removal to India. 8 C.F.R. § 1208.13(b)(1)(iii)(B).

4

**PETITION GRANTED IN PART, DENIED IN PART, AND**

**REMANDED.  Each party shall bear its own costs.**